# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LARRY DONNELL BOGARD, BOP #80859-011,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JESSIE BERNAL,<br><br>　　　　　　　　　　　　Defendant. | Civil No.　08-1157 MJL (NLS)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.
### PROCEDURAL HISTORY

On August 6, 2008, Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Big Spring, Texas and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C.

---

[1] Because Plaintiff is a federal inmate seeking damages for violation of his constitutional rights by a federal actor, the Court construes this action as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

1 § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis*
2 ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

3     The Court granted Plaintiff's Motion to Proceed *IFP* on August 14, 2008 [Doc. No. 6].
4 On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz for all
5 further proceedings [Doc. No. 10].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

8     The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints
9 filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained
10 in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of
11 criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary
12 program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).
13 Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any
14 portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages
15 from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*,
16 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d
17 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
18 Cir. 1998) (discussing § 1915A).

19     "[W]hen determining whether a complaint states a claim, a court must accept as true all
20 allegations of material fact and must construe those facts in the light most favorable to the
21 plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
22 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
23 duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
24 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
25 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a
26 pro se civil rights complaint, the court may not "supply essential elements of claims that were
27 not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

28

Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Here, the Court finds that the allegations in Plaintiff's Complaint are sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendant and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and certified copies of his Complaint and the summons for purposes of serving Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2. Defendant is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to

reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant, or counsel for Defendant, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

4. Prior to filing any motion, Counsel for Defendant shall contact the law clerk of the assigned judge to obtain a hearing date and time.

DATED: January 8, 2009

_____
M. James Lorenz
United States District Court Judge