# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LARRY DONNELL BOGARD, BOP #80859-011,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JESSIE BERNAL,<br><br>　　　　　　　　　Defendant. | Civil No.   08-1157 MJL (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[Doc. No. 20]** |

## I.

### PROCEDURAL HISTORY

On August 6, 2008, Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Big Spring, Texas and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C.

---

[1] Because Plaintiff is a federal inmate seeking damages for violation of his constitutional rights by a federal actor, the Court construes this action as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

1  § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis*
2  ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

3  The Court granted Plaintiff's Motion to Proceed *IFP* on August 14, 2008 [Doc. No. 6].
4  On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz for all
5  further proceedings [Doc. No. 10]. The United States Marshal was directed to effect service of
6  Plaintiff's Complaint upon Defendant Bernal. *See* Jan. 8, 2009 Order at 3-4. On July 1, 2009,
7  Plaintiff filed a "Motion for Temporary Restraining Order" [Doc. No. 20].

8  **II.**

9  **Plaintiff's Motion for Temporary Restraining Order ("TRO") [Doc. No. 20]**

10  Plaintiff has filed a "Motion for Temporary Restraining Order Pursuant to Rule 65(b) of
11  the Federal Rules of Civil Procedure" [Doc. No. 20]. A party seeking preliminary injunctive
12  relief under Federal Rule of Civil Procedure 65 must show (1) a likelihood of success on the
13  merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the
14  applicant; and (4) whether any public interest favors granting an injunction. *Raich v. Ashcroft*,
15  352 F.3d 1222, 1227 (9th Cir. 2003) (citing *Dollar Rent A Car of Wash., Inc. v. Travelers Indem.*
16  *Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated and remanded on other grounds by Gonzalez*
17  *v. Raich*, 545 U.S. 1 (2005).[2] As to the first two elements, the Ninth Circuit "also uses an
18  alternative test that requires the applicant to demonstrate either: a combination of probable
19  success on the merits and the possibility of irreparable injury; or serious questions going to the
20  merits and that the balance of hardships tips sharply in the applicant's favor." *Id.* (citing *First*
21  *Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1381 (9th Cir. 1987)). "Under this last part
22  of the alternative test, even if the balance of hardships tips decidedly in favor of the moving
23  party, it must be shown as an irreducible minimum that there is a fair chance of success on the
24  merits." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). "These two tests
25  are not inconsistent. Rather, they represent a continuum of equitable discretion, whereby 'the
26  greater the relative hardship to the moving party, the less probability of success must be

27

28  ---
[2] The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction under Federal Rule of Civil Procedure 65. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995)

shown.'" *Raich*, 352 F.3d at 1227 (quoting *Nat'l Ctr. for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)). Where, as in this case, a temporary restraining order is sought against actions by a governmental actor which has allegedly violated the law, the movant must establish that the threat of injury is both "real and immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

In his Motion, Plaintiff requests that "plaintiff not be retaliated against for expressing his right to a grievance." Pl.'s Mot. at 3. There are no facts in Plaintiff's Motion that he is experiencing any retaliation by any staff members at his current place of incarceration in Texas that is impacting his ability to litigate this case. Plaintiff is seeking money damages against Defendant Bernal for alleged constitutional violations that occurred while he was housed in California. Plaintiff is no longer housed in the institution in which he claims the violations occurred. The Motion is devoid of any facts from which the Court could find that Plaintiff is likely to suffer any imminent and irreparable injury, loss or damage if a temporary restraining order is not issued. Plaintiff does not adequately allege the threat of an injury that is required to justify extraordinary injunctive relief. *Caribbean Marine Servs., Co. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988).

### III.

### Conclusion and Order

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Temporary Restraining Order Pursuant to FED.R.CIV.P. 65 [Doc. No. 20].

**IT IS SO ORDERED.**

DATED: August 13, 2009

M. James Lorenz
United States District Court Judge