# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| LARRY DONNELL BOGARD, BOP #80859-011,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JESSIE BERNAL,<br><br>　　　　　　　Defendant. | Civil No.　1:08-1157 MJL (NLS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)** |

## I.
### PROCEDURAL HISTORY

On August 6, 2008, Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Big Spring, Texas and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) which the Court granted on August 14, 2008 [Doc. No. 6].

/ / /

/ / /

On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz for all further proceedings [Doc. No. 10]. The United States Marshal was directed to effect service of Plaintiff's Complaint upon Defendant Bernal. *See* Jan. 8, 2009 Order at 3-4. On June 10, 2009, Defendant Bernal filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b) and 12(b)(6). Plaintiff filed his Opposition to the Defendant's Motion on August 12, 2009 [Doc. No. 21].

## II.

### FACTUAL ALLEGATIONS

On February 13, 2008, Plaintiff, a federal inmate, was housed at the Taft Correctional Institution which is operated by a private company, Management & Training Corporation ("MTC"). *See* Compl. at 3. Plaintiff, an African American, claims that he approached his "Unit Manager," Jessie Bernal, to inquire whether he could be employed as an orderly in his housing unit. *Id.* at 1. Plaintiff claims that Defendant Bernal replied that he would never give an African American inmate a job as an orderly and used a racially derogatory word. *Id.* at 2. At the time of his request, Plaintiff was employed in the prison's chapel. *Id.* As Plaintiff left, he claims Defendant Bernal told him "watch for your name in food service." *Id.* Plaintiff alleges that it is well known throughout the federal prison institutions that work assignments in the food service department are considered punishment. *Id.* Jobs in the food service department are "often dangerous jobs that imperil [prisoner's] safety and where physical injury is common." *Id.* at 3. Plaintiff alleges Defendant Bernal ordered that Plaintiff be fired from his chapel job and placed in the food services department. *Id.* Plaintiff claims that "Bernal was obviously motivated by [Bernal's] racial discrimination against the plaintiff, who [Bernal] viewed as having the effrontery, as an African-American, to ask [Bernal] for a job." *Id.*

## III.

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

Defendant Bernal moves to dismiss Plaintiff's entire Complaint for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

*///*

**A.      Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)**

Defendant claims Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, he seeks dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1] *Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1119. However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120 (citing *Ritza*, 837 F.2d at 369).

**B.      Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)**

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Federal inmates suing under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular

---

[1] In so finding, the Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

### C. Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case

It is well established that the failure to exhaust administrative remedies is an affirmative defense under the PLRA which the Defendant must plead and prove. *See Jones v. Bock, et al.* 594 U.S. 199, 216 (2007). Here, Defendant Bernal states "plaintiff has failed to properly exhaust all of the Administrative Remedies available to him." *See* Def.'s Mot. at 3. In addition, Defendant claims "plaintiff failed to file any administrative remedy request to staff in an attempt to informally resolve the issue, as required." *Id.*

In his Opposition, Plaintiff concedes that he did not even attempt to exhaust his administrative remedies prior to filing this suit. *See* Pl.'s Opp'n at 1-4. Plaintiff maintains that he could not exhaust his administrative remedies because he was "in the clutches of the private prison" and he had a "credible belief that he would suffer immediate physical injury at the hands of the perpetrator." *Id.* at 3-4.

The Supreme Court has made clear that Plaintiff must "properly exhaust" his administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court." *Id.*

Plaintiff has failed to rebut Defendants' showing that he failed to properly exhaust his administrative grievances with respect any of the claims found in his Complaint. Plaintiff speaks of an overall fear of retaliation if he were to file an administrative grievance but provides no specific examples of an actual threat to his physical safety if he were to file such a grievance. For example, Plaintiff claims that he fears "violent retaliation" and cites to the alleged retaliation by Defendant Bernal. *See* Pl.'s Opp'n at 2.  However, the only actual retaliation alleged by Plaintiff with regards to Bernal is the switching of prison jobs, there are no actual claims of violence by Bernal. Plaintiff is attempting to carve out an exception to the mandatory exhaustion requirement that simply does not exist in any case law to date.  Thus, the Court finds that Plaintiff's Opposition is a concession that Plaintiff did not even attempt to exhaust his available administrative remedies.  *See Wyatt,* 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal.").

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the Court finds that Plaintiff's entire action must be dismissed for failing to exhaust, it need not address Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6).

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Defendant's Motion to Dismiss Plaintiff's Complaint for failing to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) [Doc. No. 17] is GRANTED.  Plaintiff's Complaint is DISMISSED without prejudice.

The Clerk of Court shall close the file.

DATED: August 24, 2009

M. James Lorenz
United States District Court Judge